UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>*Plaintiff*,<br><br>v.<br><br>CRISTINA NEVES,<br><br>*Defendant*. | Civil No.: 23-cv-1380 (KSH) (AME)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.      Introduction**

This matter comes before the Court on the motion (D.E. 16) of plaintiff North American Company for Life and Health Insurance ("North American") for default judgment against defendant Cristina Neves. North American filed a complaint seeking a declaratory judgment that the life insurance policy it issued in Neves's name is void because an unauthorized person, specifically Meire Gruber, falsely applied for and signed the policy as "Cristina Neves." Neves waived service of the complaint and has not filed an answer or otherwise appeared in the case. The Clerk of the Court entered default against Neves.

**II.     Background**

The complaint alleges as follows. North American is an Iowa corporation with its principal place of business in Iowa. (D.E. 1, Compl., ¶ 1; D.E. 4 at 1.) It administers certain life insurance policies through Bestow Agency, LLC ("Bestow"). (Compl. ¶¶ 1, 7.) On August 5, 2021, North American received an online application for life insurance through one of Bestow's sub-producers, Lemonade Life Insurance Agency, LLC ("Lemonade"), completed and electronically signed by

1

"Cristina Neves." (*Id.* ¶¶ 6, 7, 15.) Neves is a resident and citizen of Newark, New Jersey. (*Id.* ¶ 2; D.E. 4 at 2.)

The application listed the applicant's email address as "paulaonca@yahoo.com" and included payment of the initial $22.67 premium by credit card. (Compl. ¶¶ 10, 15, 24.) It designated two primary beneficiaries—Carlos Teixeira as a "child" receiving 40% and Meire Gruber as a "business partner" receiving 60%. (*Id.* ¶ 11.) The application noted that "[a]ny person who knowingly presents a false statement in an application for insurance may be guilty of a criminal offense and subject to penalties under state law." (*Id.* ¶ 14.) It also stated that "[a]ny insurance issued as a result of this application will not take effect until . . . the contract is delivered to and accepted by the Owner." (*Id.* ¶ 12.)

On August 5, 2021, North American issued designated policy No. LB42139079, a $100,000 life insurance policy with Neves as the "Owner" and "Insured." (*Id.* ¶¶ 3, 16.) North American emailed the policy to paulaonca@yahoo.com and received delivery confirmation and acceptance electronically signed "Cristina Neves." (*Id.* ¶ 21.) Thereafter, North American received regular monthly premium payments of $22.67. (*Id.* ¶¶ 25.)

On November 15, 2021, Lemonade received a phone call from Meire Gruber—identified in the policy application as Neves's business partner and a 60% beneficiary—who asked questions about the policy's monthly premiums. (*Id.* ¶¶ 11, 22.) On the call, Gruber repeatedly referred to the policy as "my policy" and admitted to applying online for it and paying the initial premium of $22.67. (*Id.* ¶¶ 23, 24.)

Gruber's phone call prompted North American to investigate whether Neves had actually applied for life insurance. (*Id.* ¶ 26.) It discovered that the email address paulaonca@yahoo.com belonged to Gruber, not Neves. (*Id.* ¶ 27.) It also learned, for the first time, that Neves never

2

applied for life insurance or received delivery of policy No. LB42139079; rather, Gruber was the one who completed and electronically signed as Neves in the online application and delivery receipt confirmation. (*Id.* ¶¶ 28-34.)

On January 31, 2022, North American mailed Neves a letter informing her that the life insurance policy in her name was subject to rescission. (*Id.* ¶ 39.) In the letter, North American offered to issue a refund check for premiums paid plus interest if Neves agreed to rescind the policy. (*Id.* ¶ 40.) On April 12, 2022, Neves called Bestow and said that although she never filled out the application or received delivery of the policy, she wanted to keep the policy in effect. (*Id.* ¶¶ 41, 42.) She provided her correct email address, which did not match the email listed in the application. (*Id.* ¶ 43.) When asked about her relationship to the person who completed the application, she identified Gruber as her "sister." (*Id.* ¶ 44.) North American attempted to call and email Neves several times following this April 2022 phone call, but Neves never responded. (*Id.* ¶ 45.)

On March 7, 2023, North American tendered a check to Neves for $452.49 to return all premiums paid plus interest. (*Id.* ¶ 48.) Six days later, on March 13, 2023, North American filed a complaint (D.E. 1) in this Court based on diversity jurisdiction seeking a declaratory judgment that North American and Neves never formed a contract (Count I), that the policy is rescinded, null, void, and/or void *ab initio* because it was issued based on a material representation and because it never went into effect according to its terms (Count II), and that North American has no further obligation under the policy beyond returning premiums paid, which it has already done (Count III).

On March 15, 2023, North American mailed its complaint to Neves along with "Notice of a Lawsuit and Request to Waive Service of a Summons" and two copies of a "Waiver of the

Service of Summons pursuant to Fed. R. Civ. P. 4(d)." (D.E. 16-2, Wall Aff., ¶ 4; D.E. 16-3 at 6.) Neves signed and returned the waiver of service, and North American filed it with the Court on April 19, 2023.  (Wall Aff. ¶ 5; D.E. 9.)

Under Fed. R. Civ. P. 4(d)(3), Neves had until May 15, 2023—60 days after the request to waive service was sent to her—to file an answer to the complaint or otherwise appear in the case. By June 1, 2023, Neves had not done so, and North American filed a request for entry of default (D.E. 14).  The Clerk entered default on June 2, 2023.  North American filed the present motion for default judgment on July 1, 2023 and served Neves by mail on July 5, 2023.  (D.E. 16.)  Neves is not represented by counsel and has not opposed or otherwise responded to the motion or the complaint.

**III.     Standard of Review and Applicable Law**

In this action, North American seeks a declaration that the life insurance policy issued to Neves is void.  To date, North American has obtained an entry of default from the Clerk.  As then Chief Judge Simandle explained in *Dellecese v. Assigned Credit Solutions, Inc.*, 2017 WL 957848, at *1 (D.N.J. 2017),

> Once this procedural hurdle has been met, it is within the discretion of the district court whether to grant a motion for a default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (explaining that the entry of default by the Clerk does not automatically entitle the non-defaulting party to default judgment; rather, the entry of default judgment is left primarily to the discretion of the district court).

In a recently published decision, Judge Williams of this District granted a motion for default judgment in a declaratory judgment action brought by an insurer seeking a declaration that it had no obligation to provide a defense and/or indemnity coverage to its insureds because of an exclusion in the homeowner's policy it had issued them.  *Great Lakes Ins. SE v. Ross*, 652

4

F. Supp. 3d 472 (D.N.J. 2023). Applying the relevant cases in this District, Judge Williams noted that in exercising its "broad discretion," the Court must first determine "whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction." *Id.* at 477. An executed waiver of service of summons satisfies the proof of service requirement for default judgment purposes. *See* Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required . . . .").

Substantively, the Court must next determine "whether the unchallenged facts present a sufficient cause of action," and finally "whether the circumstances otherwise render the entry of default judgment proper." *Great Lakes*, 652 F. Supp. 3d at 477. On those points, the Court "should accept as true the well-pleaded factual allegations of the Complaint," but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (Kugler, J.). And in deciding whether the permissible entry of default judgment is proper under the circumstances, the Court must consider three factors: (1) "whether the plaintiff will be prejudiced if default is not granted"; (2) "whether the defendant has a meritorious defense"; and (3) "whether the defendant's delay was the result of culpable misconduct." *Id.* at 537 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)); *accord Lancer Ins. Co. v. MJ & Sons Contractor Truck, LLC*, 2016 WL 74411, at *4 (D.N.J. Jan. 6, 2016) (McNulty, J.).

**IV.     Discussion**

Procedurally, North American met the prerequisite of proof of valid service, as evidenced by Neves's executed waiver of service (D.E. 9), and subject matter jurisdiction, as evidenced by the parties' complete diversity of citizenship and the dispute's amount in controversy exceeding $75,000 under 28 U.S.C. § 1332. Because Neves did not answer the complaint or otherwise submit

a responsive pleading by the 60-day deadline set forth in Rule 4(d)(3), the Clerk properly entered default.

The unchallenged factual allegations in the complaint present an actual case or controversy regarding the validity of policy No. LB42139079.  Although the policy lists Cristina Neves as the owner and insured, the complaint asserts Neves's admission that she had never applied for the policy nor received delivery nor confirmed delivery nor signed electronically to indicate acceptance of the policy.  (Compl. ¶¶ 16, 41-44.)  Instead, in conversations with North American during its investigation, Meire Gruber admitted she was the one who applied for the policy online, paid the initial premium, and that the email address North American used to transmit the policy belonged to her, Gruber, and not to Neves.  (*Id.* ¶¶ 23-27, 30-31, 34.)

In its brief, North American cites *Klos v. Mobil Oil Co.*, 55 N.J. 117, 123 (1969) for the proposition that "generally, an application for insurance constitutes an offer to the insurer which it may accept or reject."  The allegations in the complaint support North American's argument that because Neves never filled out or gave her consent for Gruber to fill out the insurance application, Neves never made a valid offer for North American to accept, and the parties never formed a contract.  Further, Neves's unauthorized signature on the application and policy No. LB42139079 is a material misrepresentation relied upon by North American, making the policy void *ab initio* and subject to rescission. *First Am. Title Ins. Co. v. Lawson*, 177 N.J. 125, 136-37 (2003); *Citizens United Reciprocal Exch. v. Perez*, 223 N.J. 143, 150-51 (2015); N.J.S.A. 17B:24-3(d).  And, as North American points out, policy No. LB42139079 never went into effect pursuant to its own terms requiring "deliver[y] to and accept[ance] by the Owner," Neves, for the policy to "take effect." (*See* Compl. ¶ 12.)  Default judgment in North American's favor on all counts is therefore appropriate. *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . .

any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").

Finally, the Court is satisfied that default judgment is proper under the three factors set forth in *Chanel, Inc.* First, North American would be prejudiced if default judgment were denied because Neves's failure to appear or respond to the complaint has prevented it from prosecuting this action and obtaining relief. *See Lancer Ins.*, 2016 WL 74411, at *4 (finding prejudice to plaintiff where defendant's failure to respond prevented plaintiff from prosecuting its declaratory judgment action). Second, there is no indication that Neves has any meritorious defenses, as she had no involvement in or knowledge of Gruber's application and acceptance of the insurance policy. And third, there is no evidence to suggest that Neves is "not culpable for failing to respond." *Great Lakes*, 652 F. Supp. 3d at 480. In fact, her waiver of service of process indicates that she understood there was an action pending against her and that she had an obligation to file an answer or responsive motion within sixty days. *See, e.g.*, *id.* at 480-81 (concluding that the defendants who waived service of process and failed to respond to the complaint acted with "willful negligence" and "culpability," making default judgment appropriate).

The Court therefore declares under 28 U.S.C. § 2201(a) that Neves and North American never formed a valid contract related to life insurance on Neves's life; that policy No. LB42139079 is void *ab initio*; and that North American's obligation under the void policy is limited to returning premiums paid. Because North American has tendered payment to Neves of the total amount of premiums paid on the policy plus interest, North American has no further obligations or liabilities related to policy No. LB42139079.

## V. Conclusion

For the foregoing reasons, default judgment is granted in favor of North American on all counts. An appropriate order will enter.


Dated: January 17, 2024                                    /s/ Katharine S. Hayden
                                                                                       Katharine S. Hayden, U.S.D.J.